WINNIE E. WOLFE v. SMITH-HAMMOND MORTGAGE COMPANY AND OTHERS.[1]

April 16, 1926.

No. 25,190.

**Dismissal of action as to two defendants sustained.**

1. Record considered and *held* to justify the trial court in dismissing the action as to the Smith-Hammond Mortgage Company and Frances E. Smith, for the reason that the evidence failed to connect them with the transaction.

**Findings in favor of defendant sustained.**

2. The evidence justified the findings of the trial court against the contention of plaintiff and in accordance with the claim of the defendant that he was the owner in fee of the premises, free, clear and discharged of any claim of plaintiff, and that defendant have judgment for his costs and disbursements.

Trusts, 39 Cyc. p. 632 n. 22.

Action in the district court for Hennepin county to have the title to certain premises decreed to be in defendant Charles H. Smith in trust for plaintiff and for other relief. The case was heard by

[1]Reported in 208 N. W. 532.

Leary, J., who dismissed the action as to the mortgage company and Frances E. Smith and ordered judgment in favor of Charles H. Smith. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*Mart M. Monaghan*, for appellant.

*Williams, Reuder & Carroll*, for respondents.

QUINN, J.

This is an appeal by the plaintiff from an order denying her motion for a new trial which presents the following state of facts:

On March 13, 1924, plaintiff, acting through her husband, Charles J. Wolfe, applied to the defendant mortgage company for a loan of $8,000 upon lot 5, in block 31, Mill Company's Addition to the town of St. Anthony Falls, Hennepin county, Minnesota, which she owned, subject to a first mortgage which had been foreclosed and on which the period of redemption expired April 30, 1924; also subject to a second mortgage, certain mechanics' liens, a judgment and back taxes.

The mortgage company, acting through its authorized agent, Charles H. Smith, inspected the property and refused to make a loan upon the premises in excess of $5,000 and so informed plaintiff's husband. Extended negotiations followed. An abstract was extended, examined and found satisfactory, barring the liens mentioned which were to be taken care of in completing the loans under consideration. The building consists of a frame tenement house with 13 apartments yielding, when fully occupied, a monthly rental of $290.

On April 15, 1924, plaintiff, her husband joining, executed to Smith their promissory note for $50, due in six months, and to secure the payment thereof executed a mortgage on the premises in question, which mortgage was duly recorded on April 26, 1924. Smith, as a creditor having a lien subsequent to the one being foreclosed, redeemed from the sale paying therefor the sum of $6,346.91 and received the proper certificate of redemption which was duly recorded on May 15, 1924.

In her complaint, appellant asks that the title to the premises be decreed to be in Smith, in trust for the benefit of the plaintiff, as security for the money disbursed for her; that she be decreed to be the owner of the property; and that Smith be directed to convey the same to her upon her performance of her part of the agreement for the loan. The respondent alleges and contends that he received the fifty dollar mortgage for its face value paid at the time of its execution, for the purpose of enabling him to redeem from the foreclosure sale and carry out the agreement for the loans to the amount of $5,500; that, after he had redeemed from the sale, the appellant and her husband repudiated their promise to supply the money in excess of the amount of the loan; that he requested her so to do and offered to convey the premises to her upon her paying to him the amount which he had disbursed. The trial court dismissed the action as to the Smith-Hammond Mortgage Company and Frances E. Smith, for the reason that the evidence failed to connect them with the transaction, and then made findings that the allegations of the complaint were not true and ordered judgment in favor of the defendant Charles H. Smith.

There was a sharp conflict in the evidence as to the circumstances leading up to redemption by Smith from the foreclosure sale. The appellant's husband conducted the negotiations on behalf of his wife and furnished most of the testimony bearing upon the agreement on the part of appellant. There was a sharp conflict, with the greater weight thereof on the part of the respondent, as to which party was to furnish the funds, in excess of the $5,000 mortgage, with which to pay the several liens and taxes, it being contended on behalf of appellant that, in the negotiations for the loan, Smith promised and agreed that the mortgage company would take a first mortgage for $5,000 on the property and a second mortgage sufficient in amount to pay the expenses of the loan transaction and pay off all the liens against the property, payable at the rate of $200 per month until the principal be reduced to $1,000, and thereafter at the rate of $75 per month, with interest at the rate of 7 per cent per annum, payable semiannually. Upon the other hand, it was contended that the

agreement was that the mortgage company was to take a first mortgage for $5,000 upon the property and that Smith would take a second mortgage for $500, appellant to furnish the balance of the money required to pay off the encumbrances so as to make said mortgages first and second liens, respectively. The trial court found the facts, with reference to the agreement for the loan, against the plaintiff's contention and in accordance with that of the defendants. The findings are amply sustained by the evidence. It may be stated that the amount required to redeem from the sale and clear up the liens and taxes exceeded $7,000.

At the close of the testimony, the defendant Smith offered to stipulate that findings might be made by the court and judgment entered thereon that plaintiff is the owner in fee of the premises, subject to the payment to Smith of the sum of $7,102.70 with interest at the rate of 6 per cent per annum from April 1, 1925, within 60 days from that date, upon payment of which Smith should convey the premises to the plaintiff or to whom she may indicate and that, upon failure to pay such amount, judgment to be entered as demanded in the answer. After the expiration of 60 days, the trial court made findings and ordered judgment against the plaintiff and in favor of the defendant Smith that he was the owner in fee of the premises, free, clear and discharged of any claim of plaintiff, and that the defendant have judgment for his costs and disbursements. The court found that the allegations of the complaint were not sustained by the evidence. We think that the findings were warranted by the evidence in the case and that the order for judgment was amply sustained by the findings.

There is evidence that defendant requested plaintiff and her husband to comply with the arrangement of closing the loan and that they failed to even call at the office as agreed upon for that purpose, and that they wholly failed to comply with their agreement as the court found it to have been made. The defendant offered to restore all that he had received. At the close of the trial, the offer to restore was renewed. There was no intimation that the period of 60 days was not sufficient time in which to comply with such offer, in case plaintiff was so advised.

In denying plaintiff's motion for a new trial, the court attached thereto a memorandum, clearly and fairly setting forth his view of the case in a very commendable manner. It is the opinion of this court that the last paragraph of appellant's brief is unwarranted by the record and is entitled to the most emphatic disapproval.

Affirmed.